IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO CHAIREZ, #Y35814, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. 25-cv-000062-DWD |
| | ) |
| MARCELLUS OTTENSMEIER, | ) |
| KEVIN REICHERT, LUKAS BOHNERT, | ) |
| JOSHUA SCHOENBECK, | ) |
| DIANE ARMSTRONG, LT. LOWE, | ) |
| ALL IDOC OFFICIALS, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STRIKE THIRD PARTY FILING

NOW COME the Defendants, MARCELLUS OTTENSMEIER, KEVIN REICHERT, LUKAS BOHNERT, COREY LAUER, and ANTHONY WILLS, in his official capacity as Warden of Menard Correctional Center, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, , and,  pursuant to Federal Rules of Civil Procedure 11 and 12(f), move to strike the third party filing entitled "AFFIDAVITS by Rebecca Chairez" [Doc. 26,] stating as follows:

On April 15, 2025, a person purporting to be Rebecca Chairez caused a thirty-four (34) page document to be filed in this case, "AFFIDAVITS by Rebecca Chairez," (hereafter "Affidavits") [*See* Doc. 26.] For the reasons stated below, Defendants now move to strike this filing from the record.

Rebecca Chairez is not a party to this case, nor is she an attorney of record. [*See, generally*, Docket Report, 3:2025cv00062, *Chairez v. Ottensmeier et al.*] Federal Rule of Civil Procedure 11 states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.[FRCP 11(a).]

Defendants understand Rebecca Alezander Chairez to be a person Plaintiff calls his wife, but do not know her marital status. Because she is not an attorney of record or a party to this case, her filing entitled "Affidavits," filed as Doc. 26, should be stricken from the record.

As noted above, Defendants are aware of investigations into Rebecca Alezander Chairez for sending the following items to Plaintiff at Menard Correctional Center via U.S. Mail: Oxycodone, Fentanyl, Methamphetamine, and cellular telephones, which are all illicit drugs or contraband in Illinois correctional facilities, as indicated in Plaintiff's Exhibit D attached to his Motion filed herein as Doc. 25, 16-18. Based upon those investigations, Plaintiff has been banned from communicating with Rebecca Alezander Chairez, but has received at least one disciplinary ticket for continuing to do so, as indicated in Plaintiff's Motion, Exhibit D. [*See* Doc. 25, 16-18.]

Some Defendants who are privy to knowledge of the investigation into Rebecca Alezander Chairez were informed that Rebecca Alezander Chairez fled to Arizona after the Federal Bureau of Investigation interviewed her for using the U.S. Mail to deliver illicit drugs and contraband to Menard Correctional Center. The "Affidavits" were allegedly notarized by

Jordan Burnette #370563 of Maricopa Co., Arizona [Doc. 26, 1-2,] by Isaih Middleton #637190 of Maricopa Co., Arizona [*Id.,* at 3-4.] The evidence indicates Rebecca Alezander Chairez sent these "Affidavits" to the Court from Arizona. [*Id.*] In them, she stated she was "filing two Affidavits" on behalf of Pedro Chairez (Plaintiff) [*Id*, 1.] The envelope bears postage shows it was mailed through Mesa, Arizona on April 11, 2025. However, the return address was made to appear as if Plaintiff himself mailed the documents from Menard Correctional Center. [*See* Doc. 26, postage, envelope, 33.] A return address, "tells the U.S. Postal Service or foreign post where to return a mailpiece that cannot be delivered."[1] It is reasonable to assume the filer of Document 26 used a false return address to have the U.S. Postal Service deliver the documents to him if they could not be delivered to the Court. This Court should not consider evidence delivered by a third party using a false address, which might have been submitted in violation of federal law. [*See 18 U.S. Code § 1342* - Fictitious name or address.] Therefore, the filing entitled "Affidavits," filed as Doc. 26, should be stricken from the record.

      Document 26, if considered a "pleading," should also be stricken from the record based on FRCP 12(f) because it includes redundant and immaterial matters. The filer seems to argue that these photographs are evidence that she "mailed over 100's of letters" to Plaintiff. [*Id*., at 3.] The filer is mistaken. For example, pages 20-32 of the "Affidavits" contain dozens of photographs of mail, many partially inside a mailbox. [See Doc. 26, 20-32.] However, the vast majority of the photographs show blurry or illegible writing on the envelopes. [*Id.*] More importantly, most of the photographs were taken with the upper-right corner of the envelopes obstructed, so the postage, if present, is not shown in the photograph. [*Id.*] Therefore, the photograph do not show whether they bear paid postage. [*Id.*] Therefore, they do not provide

---

[1] https://pe.usps.com/text/imm/immc1_008.htm#ep1000849 (last visited 4/16/2025)

evidence that they could be mailed or would have been delivered by the U.S. Postal Service. The same dozens of photographs with obstructed postage could have been produced without the use of *any* paid postage, at a much lower cost, to show allegedly undelivered mail, which was, in fact, undeliverable. The photos are without foundation and do not provide evidence probative of any fact. [*Id.*] Because the photographs are immaterial and redundant, and the "Affidavits" relying upon them are immaterial, and the third-party filing, Document 26, should be stricken from the record pursuant to FRCP 12(f).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Court enter an order striking the third-party filing entitled "AFFIDAVITS by Rebecca Chairez" [Doc. 26] from the record, and for other relief as justice may so require.

Respectfully submitted,

MARCELLUS OTTENSMEIER, KEVIN REICHERT, LUKAS BOHNERT, COREY LAUER, and ANTHONY WILLS, in his official capacity as Warden of Menard Correctional Center,

Defendants,

Charles Ewell #6320582
Assistant Attorney General         KWAME RAOUL, Attorney General,
500 South Second Street
Springfield, IL 62701
(773) 590-7875 Phone
(217) 782-8767 Fax                 Attorney for Defendants,
Email: Charles.Ewell@ilag.gov
& gls@ilag.gov                     BY:   s/Charles Ewell
                                   Charles Ewell #6320582
                                   Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDro CHAIREZ, #Y35814,         ) | |
| )  | |
| Plaintiff,        ) | |
| )  | |
| -vs-          ) | No. 25-cv-000062-DWD |
| )  | |
| MARCELLUS OTTENSMEIER, et al., ) | |
| )  | |
| Defendants.      ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, the foregoing document, ***MOTION TO STRIKE THIRD PARTY FILING***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

Pedro Chairez, #Y35814
Menard Correctional Center
Individual in Custody LEGAL Mail
711 Kaskaskia Street
P.O. Box 1000
Menard, IL 62259

Respectfully submitted,

BY: s/Charles Ewell
Charles Ewell #6320582
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(773) 590-7875 Phone
(217) 782-8767 Fax
Email: Charles.Ewell@ilag.gov
& gls@ilag.gov