IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO CHAIREZ, #Y35814, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. 25-cv-000062-DWD |
| | ) |
| MARCELLUS OTTENSMEIER, | ) |
| KEVIN REICHERT, LUKAS BOHNERT, | ) |
| JOSHUA SCHOENBECK, | ) |
| DIANE ARMSTRONG, LT. LOWE, | ) |
| ALL IDOC OFFICIALS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COME the Defendants, MARCELLUS OTTENSMEIER, KEVIN REICHERT, LUKAS BOHNERT, COREY LAUER, and ANTHONY WILLS, in his official capacity as Warden of Menard Correctional Center, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and respectfully request that this Court deny Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 25], and for their response, state as follows:

Plaintiff filed the Complaint in this case on January 15, 2025. [Doc. 1.] On January 23, 2025, the Court entered a Merit Review Order allowing Plaintiff to proceed on five claims. [Doc. 3, 10-20.] In the same order, the Court addressed the injunctive relief sought in the complaint. [Doc. 3, 20-21.]. Regarding the injunctive relief requested in the Complaint, the Court stated:

> At the end of the complaint, Plaintiff seeks numerous forms of immediate injunctive relief tailored to the issues he has identified in the lawsuit. His demands

include release from administrative detention, transfer to another facility, restoration of all forms of communication with his wife, and more. Federal Rule of Civil Procedure 65 governs motions for temporary restraining orders or preliminary injunctions, but Plaintiff did not cite this provision and did not file a freestanding motion demanding injunctive relief. Even if Plaintiff had filed a freestanding motion, on the facts alleged it is unlikely Plaintiff would be able to seek preliminary injunctive relief of the forms he seeks because the issues presented in this case are closely intertwined with prison security and daily operations, and the standard of proof for each of his claims is factually and legally demanding. One key factor when assessing preliminary injunctive relief is the likelihood of success on the merits of the underlying claim. "A movant's likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020). A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case. *Ill. Republican Party* v. *Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020); *Doe v. University of Southern Indiana*, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor when considering preliminary injunctive relief). Here, Plaintiff has made a sufficient showing to proceed beyond initial review on his claims, but his allegations are not sufficiently strong at this early juncture to warrant immediate injunctive relief. Therefore, the Court will not award any immediate relief based on the demand for relief in the complaint. [*Id.*].

The injunctive relief requested in Plaintiff's Complaint [Doc. 1] included requests for: a declaratory judgment stating his rights were violated; an injunction ordering Defendants Ottensmeier, Reichart, and Bohnert to stop "tampering with" his mail, to stop retaliation, to reinstate visitation with his wife, to unblock his wife from "the prison tablet," to remove her from the restricted phone list, to be release him from Administrative Detention; an order directing "Defendant Warden Richert" to restore visits with his wife, instruct Intel to stop harassing and retaliating against him, release him from confinement in administrative detention, and to transfer him to another facility; an order for Defendant Schoenbeck to "expunge disciplinary ticket"; and an order directing Defendants Armstrong and Lauer to immediately release him from A.D. [Doc. 1, 51-52.]

Plaintiff filed this "Motion for Temporary Restraining Order and Preliminary Injunction," (hereafter "Motion") on April 8, 2025. [Doc. 25.] Plaintiff's Motion seeks a Temporary

Restraining Order and for the Court to "schedule a hearing to determine the merits of Plaintiff's Preliminary Injection." [Doc. 25, 1.] Plaintiff claims continued and "intensified" retaliation for several issues regarding communication and mail as alleged in the Complaint, after the Complaint was served. [*Id.*] Plaintiff's Motion seeks relief similar to that sought in his Complaint, and requests an order compelling, "the Defendants be relieved of their supervisory roles over Plaintiff; to be transferred; or to have plaintiff transferred to another facility to avoid any further contact," or "restrict Def. from personally overseeing to Plaintiff's mail, etc." [*Id.*, at 1-2.]

## Argument

To distinguish a preliminary injunction from a temporary restraining order, courts look to the substance of the relief sought and the district court's handling of the motion. The name given to the motion by the court or the parties is not determinative; otherwise, courts could evade review by characterizing a preliminary injunction as a temporary restraining order. *Decker v. Lammer*, No. 21-1328, 2022 U.S. App. LEXIS 1153, at *4 (7th Cir. Jan. 14, 2022) (internal citations omitted). Nevertheless, in the Seventh Circuit, the standards for preliminary injunction and temporary restraining orders are functionally identical. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1082-83 (C.D. Ill. 2001); *see also Jordan v. Brookhart*, Case No. 17-cv-625-MJR-SCW, 2018 U.S. Dist. LEXIS 153922* (S.D. Ill. Aug. 21, 2018). The purpose of a preliminary injunction is to minimize the hardship to the parties and to preserve the status quo pending a more considered decision on the merits when possible. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *LektroVend Corp. v. Vendo Co.*, 660 F.2d 255, 264 (7th Cir. 1981). Similarly, the purpose of a TRO is to minimize the hardship to the parties pending the ultimate resolution of the suit. *EASi, LLC v. Gaffar*, 2020 U.S. Dist. LEXIS 120487 (Ill. C. D. July 9, 2020). TROs and preliminary injunctions

are extraordinary and drastic remedies that should not be granted unless the movant, by a clear a showing, carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Furthermore, in such instances where mandatory injunctions are considered, they are to be "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quoting *Jordan v. Wolke*, 593 F.2d 773, 774 (7th Cir. 1978)) and (citing *W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("mandatory injunctions are rarely issued, and interlocutory mandatory injunctions are even more rarely issued, and neither except upon the clearest equitable grounds")). Mandatory injunctions require an affirmative act by a party. *Graham,* 130 F.3d at 295. Thus, mandatory injunctions should be used only in the direst of circumstances. A plaintiff seeking a preliminary injunction or TRO must demonstrate each of the following elements: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not harm the public interest. *Somerset House, Inc. v. Turnock*, 900 F. 2d 1012, 1014-15 (7th Cir. 1990); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U. S of Am., Inc.*, 549 F. 3d 1079, 1086 (7th Cir. 2008); *Anderson v. U.S. F. Logistics (IMC), Inc.*, 274 F.3d 470, 474-475 (7th Cir. 2001). The Southern District of Illinois has recently explained:

> The main purpose of a preliminary injunction is 'to preserve the relative positions of the parties until a trial on the merits can be held.' *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). *See also Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief

and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally."). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants.

*Brown v. Reiman*, No. 23-cv-1554-RJD, 2025 U.S. Dist. LEXIS 9778, at 10-11 (S.D. Ill. Jan. 16, 2025)

Here, Plaintiff's requests that "the Defendants be relieved of their supervisory roles over Plaintiff; to be transferred," and to "restrict [Defendants] from personally overseeing to Plaintiff's mail, etc," relate to personnel or management decisions by IDOC, and such relief would be inappropriate for a preliminary injunction. [*See* Motion, 1-2.] Plaintiff's other request "to have plaintiff transferred to another facility to avoid any further contact," is also an inappropriate attempt to have the Court become involved in day-to-day prison management. [*See* Motion, 1-2.] The Seventh Circuit has explained:

> We have recognized the Supreme Court's express "disapproval of excessive judicial involvement in day-to-day prison management," *Babcock*, 102 F.3d at 275 (quoting *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995)), which "often squander[s] judicial resources with little offsetting benefit to anyone," *Sandin v. Conner*, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Accordingly, we owe deference to prison officials' decisions when responding to grievances and maintaining order in a volatile environment, and to the justifications offered for those decisions. *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) ("[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); *Babcock*, 102 F.3d at 275 ("We should afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory.") (quoting *Pratt*, 65 F.3d at 807) (internal quotation marks omitted). We are not super-wardens who sit to critique the efficacy or wisdom of prison management choices.

*Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020)

Regarding Plaintiff's request to transfer to another facility, the Seventh Circuit holds, "First, in addressing a request for an order regarding a prison assignment, federal courts must accord 'wide-ranging deference' to the reasonable decisions that prison officials make regarding housing, internal order, and security. *Girtler v. Fedie*, 835 F. App'x 124, 126-27 (7th Cir. 2020), citing *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Godinez v. Lane*, 733 F.2d 1250, 1260 (7th Cir. 1984); *Shango v. Jurich*, 681 F.2d 1091, 1102 (7th Cir. 1982) (emphasizing that prison transfers are "the business of penologists and not the business of federal judges" (internal citations omitted))." The appellate court reviews the denial of a preliminary injunction and the district court's balancing of the competing factors favoring the opposing sides an abuse of discretion standard on an abuse of discretion standard [*Id*.] Plaintiff's requested relief invites excessive judicial involvement in day-to-day prison management, and his preliminary injunction should be denied.

In the Merit Review Order, the Court identified Plaintiff's surviving claims as: Claim 1: First Amendment retaliation claim against Defendants Reichert and Ottensmeier for their handling of Plaintiff's complaints about the conditions at Menard in September of 2023, and for subsequent disciplinary proceedings and administrative detention decisions; Claim 2: Fourteenth Amendment Due Process claim against Defendants Ottensmeier and Bohnert for the Notice that led to Plaintiff's placement in administrative detention, and against Defendants Armstrong and Lauer for keeping Plaintiff in administrative detention without sufficient justification; Claim 4: First Amendment claim against Defendant Ottensmeier for interfering with Plaintiff's incoming and outgoing mail exchanged with his wife; and Claim 5: First, Eighth, or Fourteenth Amendment claim against Defendants Ottensmeier, Bohnert and Reichert for implementing

multiple restrictions on Plaintiff's ability to communicate with and visit with his wife. [*See* Doc. 3.]

Plaintiff filed documentation showing his discipline was based on investigations of Rebecca Alezander Chairez sending the following items to Plaintiff at Menard Correctional Center via U.S. Mail: Oxycodone, Fentanyl, Methamphetamine, and cellular telephones. [*See* Doc. 25, Ex. D, 16-18.]. All of these items are either illicit drugs or contraband in Illinois correctional facilities. [*Id.*] Without evidence, Plaintiff claims this disciplinary ticket was "bogus" and alleged "some fictious story about Plaintiff's friend being his wife?" [Doc. 25, 4.] Plaintiff's Exhibit D sets forth the reasoning behind his administrative discipline and defeats his argument that he has a likelihood of success on his claims.

A First Amendment retaliation claim under § 1983 require that a Plaintiff show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Zafar Sheikh v. Jung*, No. 23-cv-3315, 2024 U.S. Dist. LEXIS 172291, at *19 (N.D. Ill. Sep. 24, 2024), citing *Novoselsky v. Brown*, 822 F.3d 342, 354 (7th Cir. 2016.) No violation exists if the offending action would have happened even if there had been no retaliatory motive, i.e., the alleged harm would have occurred anyway. *Vermillion v. Levenhagen*, No. 1:15-cv-00605-RLY-TAB, 2018 U.S. Dist. LEXIS 87605, at *19-20 (S.D. Ind. May 22, 2018), citing *Mays v. Springborn*, 719 F.3d 631, 634-35 (7th Cir. 2013). If defendants meet this burden, Plaintiff must then show that the defendants' proffered reason is pretextual, that is, a lie. [*Id,* citing *Thayer* v. *Chiczewski*, 705 F.3d 237, 250 (7th Cir. 2012).]

Here, Plaintiff's Exhibit D shows there was no constitutional violation. As in *Vermillion*, the adverse actions taken against Plaintiff were all based on the investigation into trafficking. [*See,* Motion, Ex. D, *see also, Vermillion,* at 21.] Also, as in *Vermillion*, the evidence shows Plaintiff's disciplinary actions complained of in the Motion were the not the result of the Defendant's motivation to deny him any constitutional rights. [*Id, see also, Vermillion,* at 23.] Plaintiff's disciplinary ticket, Exhibit D, shows the discipline he received was motivated by his actions and violation of Departmental rules and regulations. [*Id*.] Finally, as was the same case in *Vermillion*, no reasonable trier of fact could conclude that that the adverse actions Plaintiff faces were the result of the defendants' retaliating against him for exercising his constitutional rights. [*Id, see also, Vermillion,* at 24.]

Plaintiff relies upon *Sizemore* to argue he has a likelihood of success, but his reliance is misguided. [*See* Doc. 25, 5-6.] Plaintiff neglected to mention that the appellate court reviewing *Sizemore* noted, "With respect to the First Amendment rights of prisoners, the Supreme Court has held, '[a] prison inmate retains those First Amendment rights **that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system**.' *Pell v. Procunier*, 417 U.S. 817, 822, 41 L. Ed. 2d 495, 94 S. Ct. 2800 (1974). Moreover, this circuit has held **that in the absence of restrictions premised upon the legitimate goals and objectives of institutional confinement**, prison inmates retain their First Amendment right to receive and to read newspapers and periodicals." *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). citing *Kincaid v. Rusk*, 670 F.2d 737, 744-45 (7th Cir. 1982), emphasis added.

Plaintiff's First, Eighth, or Fourteenth Amendment and Due Process claims are all defeated by the same Exhibit D, which clearly sets out the legitimate goals and objectives of the

reasoning behind the discipline and restrictions Plaintiff complains about. Plaintiff provided evidence showing that the actions were not retaliatory and were made based upon legitimate goals and objectives of institutional confinement.

In addition, Plaintiff's motion does now show how, related to this lawsuit, the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued. Plaintiff's Motion, if granted, would essentially prevent Menard Correctional Center staff from performing their duties to ensure the safety of the facility. Plaintiff's mail and communication must be monitored, especially given the trafficking investigation detailed in Plaintiff's Exhibit D.

Plaintiff also fails to show how the granting of a preliminary injunction will not harm the public interest. Finally, the scope of any injunctive relief is governed by the Prison Litigation Reform Act ("PLRA"), which states that "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.A. § 3626(a)(2). Plaintiff wants the Court to order Defendants "transferred" or for his own transfer to another facility. The Department is best situated to determine personnel and inmate movement. An order directing the job location or activities of five Defendants would be is overly broad. Therefore, Planifff's Motion should be denied.

WHEREFORE, for the aforementioned reasons, Defendants respectfully request this Court deny Plaintiff's Motion for TRO/Preliminary Injunction

                        Respectfully submitted,

                        MARCELLUS OTTENSMEIER, KEVIN REICHERT, LUKAS BOHNERT, COREY LAUER, and ANTHONY WILLS, in his official capacity as Warden of Menard Correctional Center,

                        Defendants,

Charles Ewell #6320582
Assistant Attorney General     KWAME RAOUL, Attorney General,
500 South Second Street
Springfield, IL 62701
(773) 590-7875 Phone             Attorney for Defendants,
(217) 782-8767 Fax
Email: Charles.Ewell@ilag.gov   BY:   s/Charles Ewell
& gls@ilag.gov                    Charles Ewell #6320582
                                  Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PEDRO CHAIREZ, #Y35814, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 25-cv-000062-DWD |
| MARCELLUS OTTENSMEIER, et al., | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, the foregoing document, ***DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION*** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

Pedro Chairez, #Y35814
Menard Correctional Center
Individual in Custody LEGAL Mail
711 Kaskaskia Street
P.O. Box 1000
Menard, IL 62259

Respectfully submitted,

BY: s/Charles Ewell
Charles Ewell #6320582
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(773) 590-7875 Phone
(217) 782-8767 Fax
Email: Charles.Ewell@ilag.gov
& gls@ilag.gov