IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO CHAIREZ, Y35814, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 25-cv-62-DWD |
| MARCELLUS OTTENSMEIER, KEVIN REICHERT, LUKAS BOHNERT, JOSHUA SCHOENBECK, DIANE ARMSTRONG, LT. LOURE, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Pedro Chairez, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Upon initial review, the Court allowed Plaintiff to proceed on four claims related to alleged retaliation, due process associated with administrative detention, and First Amendment limitations on Plaintiff's ability to communicate with his wife. On initial review, the Court dismissed a due process claim (Claim 2) that Plaintiff presented about the outcome of disciplinary proceedings in December of 2023. Plaintiff has moved for reconsideration of this dismissal (Doc. 7), arguing that the Court misinterpreted the precedent about confidential informants in the prison disciplinary context.

## THE COMPLAINT

Plaintiff is housed at Menard on behalf of the Arizona Department of Corrections (ADC). (Doc. 1 at 22). Around September 1, 2023, he asked his mother to contact the ADC about his conditions of confinement at Menard, including excessive heat, poor air circulation, and the lack of yard time. The ADC informed his mother that they had contacted the Warden at Menard, who denied the allegations. On September 8, 2023, Plaintiff wrote Defendant Reichert, Menard's assistant warden of operations, about the same conditions as well as a commissary shortage.

Relevant to the Motion to Reconsider (Doc. 7), on December 19, 2023, Plaintiff received a disciplinary ticket for distributing drugs. Plaintiff claims this new ticket came just two days before his scheduled release from segregation for the prior tickets relating to his possession of alleged contraband. He alleges that the December 22, 2023, disciplinary hearing on the new ticket was a "sham." (Doc. 1 at 25). In the Complaint, Plaintiff alleged that his December 2023 disciplinary hearing lacked adequate due process protections. He challenges the reliability of the disciplinary report, which purported to be based upon information from three confidential informants, and claims when he asked Defendant Schoenbeck about the informants at his hearing that Schoenbeck did not know anything about their statements. (Doc. 1 at 37). He claims that his procedural due process rights were violated because the confidential informants' credibility was not verified in any way prior to their vague statements being used at his disciplinary hearing. He argues that as a result of the discipline, he is now stuck in indefinite administrative segregation.

In support of the complaint, Plaintiff submitted exhibits including his December 2023 disciplinary report (Doc. 1 at 63-64), as well as the Adjustment Committee Summary prepared after the disciplinary hearing on the report (Doc. 1 at 107-08). In the December 19, 2023, disciplinary report, the reporting employee alleged,

> The investigation was being conducted in an attempt to identify individuals in custody who may be attempting to, or receiving drugs and drug paraphernalia through institutional mail and distributing them to other individuals in custody. During the course of investigation interviews were conducted at which time three confidential sources (name and numbers have been withheld for the safety and security of the institution, but deemed reliable due to the consistency of their statements) identified Pedro Chairez Y35814 as being a source of distributing drugs, specifically methamphetamine throughout Menard Correctional Center.

(Doc. 1 at 63). The report was signed by a fellow-correctional officer as a "witness" and it was also signed by a shift supervisor and a reviewing officer, as well as a hearing investigator. (Doc. 1 at 63). The Adjustment Committee report described the situation and allegations consistent with the disciplinary report quote above. (Doc. 1 at 107-108). The committee indicated it found the "confidential source to be reliable based upon verification from internal affairs." (Doc. 1 at 107). Plaintiff received three months in c-grade and three months in segregation.[1] The Adjustment Committee summary indicated that Plaintiff appeared at the hearing and spoke on his own behalf. (Doc. 1 at 107).

Upon initial review, the Court designated Claim 3 to encompass Plaintiff's concerns about the December 2023 disciplinary issue:

> **Claim 3:** Fourteenth Amendment Due Process claim against Defendant Schoenbeck for convicting Plaintiff in

---

[1] Ultimately, during this three-month period when Plaintiff should have been on C-grade and in segregation, he was in administrative detention.

> December of 2023 without establishing the veracity of the confidential informants;

## DISCUSSION

This matter is now before the Court on Plaintiff's request that the Court reconsider the dismissal of Claim 3 at the § 1915A initial review phase. In essence, Plaintiff is arguing that the Court committed a legal error when dismissing Claim 3, because he believes that precedent on the use of confidential informants in the prison disciplinary setting mandates a different outcome. Under Federal Rule of Civil Procedure 54(b), the Order of Initial Review set assigned one claim against a single party, but it allowed the action to continue on other claims against other parties, so the Order can be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 60(b), also allows the Court to relieve a party of the impact of an order if it finds that the order contained a mistake. Fed. R. Civ. P 60(b). Here, Plaintiff argues that the Court's dismissal of Claim 3 was erroneous in light of broader precedent on confidential informants in the prison discipline setting.

As the Court previously explained in the Order of Initial Review (Doc. 3), to establish a due process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). Six months in segregation and six months' loss or restriction of privileges—do not, without more, implicate a protected liberty interest. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (six-month disciplinary segregation alone); *Lekas v. Briley*, 405 F.3d

602, 605, 613 (7th Cir. 2005) (temporary loss of contact visitation and restricted commissary); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) (six-month disciplinary segregation and demotion to C grade). A plaintiff may also argue that the combination of disciplinary measures deprived him of a protected liberty interest. *See Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015). There is no bright-line rule for the duration or conditions of segregation that might invoke a protected liberty interest, but generally a term of segregation approaching or exceeding a year may be considered significant enough to invoke due process protections. *See e.g., Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (finding that a term of 240-days of segregation was long enough to mandate an inquiry into the conditions of the confinement). However, the imposition of disciplinary segregation without "additional facts about the conditions of confinement, [does] not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019). Additionally, in a situation where an inmate complains of discipline such as segregation, or anything other than the loss of good-time credit, the disciplinary proceedings are subject to an informal due process inquiry. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024).

In the Order of Initial Review, the Court went on to discuss Plaintiff's line of argumentation related to the veracity of the confidential informants, but in doing so, it noted that such a probing analysis is likely unnecessary, because Plaintiff was only

entitled to informal Due Process under *Ealy*. In the Motion to Reconsider, Plaintiff now vehemently contests the Court's discussion of confidential informants in the prison discipline setting. He argues in detail that the Court should not have found a notation in the Adjustment Committee summary that intel or internal affairs vouched for the confidential informants was sufficient, because that sort of vouching by those who conducted the investigation is self-serving and does nothing to bolster the veracity of the evidence. Whatever merit these contentions may have, the Court does not find that these arguments are sufficient to unsettle its reliance on *Ealy*. Under *Ealy*, a case which also involved confidential informants, the Seventh Circuit stressed that for an inmate who complains of anything other than a loss of good time credit, the sole protection is informal due process. Informal due process requires a notice of the reasons for placement in segregation, and a chance to present written views or an oral statement. Plaintiff does not contend that he lacked notice of the disciplinary allegations, nor does he contend he lacked an opportunity to present his views at the Adjustment Committee. Thus, he was afforded sufficient informal due process, and his claim fails regardless of the confidential informant issues.

## Disposition

Plaintiff's Motion to Reconsider (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 9, 2025

DAVID W. DUGAN
United States District Judge